**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATEEFAH SHABAZZ, | |
| Plaintiff, | Civil Action No.: 13-4968 (MAS) |
| v. | |
| STATE OF NEW JERSEY COMMISIONER OF DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

**APPEARANCES:**

**FREDERIC J. GROSS, ESQUIRE**
7 East Kings Highway
Mt. Ephraim, New Jersey 08059
Counsel for Plaintiff

**ALEX JOSEPH ZOWIN, ESQ.**
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
Division of Law
R.J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey   08625
Counsel for Defendant

**SHIPP, District Judge**

Presently before the Court is a motion filed on behalf of Defendant, Gary M. Lanigan, the Commissioner of the New Jersey Department of Corrections ("NJDOC"), seeking to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 6.) There has been no opposition filed by Plaintiff with regard to Defendant's motion. This motion is decided on the

papers, without oral argument, pursuant to *Federal Rule of Civil Procedure* 78. For the reasons set forth below, the Court grants Defendant's motion and the Complaint is dismissed with prejudice.

## I. BACKGROUND

On August 16, 2013, Plaintiff Lateefah Shabazz ("Plaintiff" or "Shabazz"), filed a civil complaint in this District Court, seeking monetary compensation for work credits that could not be applied to reduce her sentence. (ECF No. 1, Complaint.) The Complaint alleges that, in 1983, Plaintiff had been sentenced to a 30-year prison term for felony murder, with a 30-year period of parole ineligibility, by the Superior Court of New Jersey, Law Division. (*Id.*, ¶¶ 4, 5.) Plaintiff was released from prison in December 2012, after completion of her sentence. During Plaintiff's incarceration, however, Plaintiff had earned about 3,741 commutation credits, and 1,877.36 work credits, which were not applied to reduce Plaintiff's sentence. (Id., ¶¶ 6-8.)

Defendant filed this motion to dismiss the Complaint on October 29, 2013. (ECF No. 6.) Defendant contends that Plaintiff's due process claims fail as a matter of law because Plaintiff cannot demonstrate a protected liberty interest. Defendant also argues that the Complaint should be dismissed because Plaintiff fails to allege specific facts establishing Defendant's personal involvement, and is thus impermissibly based on a theory of supervisor liability. (ECF No. 6-1, Defendant's Brief at 4-10.)

## III. DISCUSSION

A. Motion to Dismiss Standard

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the

2

elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. Id. For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (internal citation omitted). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

B. Due Process Claim

Plaintiff asserts that Defendant's failure to "cash out plaintiff's work credits" constitutes a denial of substantive due process for the taking of property without compensation. (Compl., Count One at ¶15.)

Certain fundamental rights are substantively protected by the Fourteenth Amendment's due

3

process clause. *See White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990). To establish a substantive due process claim under the Fourteenth Amendment, a plaintiff must demonstrate: 1) an actor engaged in conduct under color of state law; 2) a deprivation of a protected liberty interest by that conduct; and 3) the deprivation shocks the conscience. *Thomaston v. Meyer*, 519 F. App'x 118, 119 (3d Cir. 2013); *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). *See also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (holding that a claim alleging a substantive due process violation requires a showing of behavior that can "properly be characterized as arbitrary, or conscience shocking"); *see also Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.").

It is well settled that prisoners have no inherent constitutional right to a prison job and no inherent constitutional right to wages for work performed while incarcerated. *See Carey v. Johnson*, No. 06-1578, 2008 WL 724101, *9 (W.D. Pa. Mar. 17, 2008) (citing *Washlefske v. Winston*, 234 F.3d 179 (4th Cir. 2000); *Beatty v. DeBruyn*, 77 F.3d 484 (Table), 1996 WL 80168, at *1 (7th Cir. 1996) ("[I]f prison officials can constitutionally require inmates to work without pay, they can certainly deny prisoners pay for doing nothing."); *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992), *cert. denied*, 507 U.S. 928 (1993); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (prisoner has no constitutional right to prison employment or a particular prison job); *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir.) (noting that, because the Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, prisoners may be required to work without pay), *cert. denied*, 375 U.S. 915 (1963); *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968) (noting that there is no Constitutional right to compensation for prison work;

4

compensation for prison labor is "by grace of the state."), *cert. denied*, 395 U.S. 940 (1969). *See also Murray v. Miss. Dept. of Corr.*, 911 F.2d 1167, 1167-68 (5th Cir. 1990) ("Compelling an inmate to work without pay is not unconstitutional ... compensating prisoners for work is not a constitutional requirement but, rather, is by the grace of the state"). Additionally, "[there is no federally protected right of a state prisoner not to work while imprisoned after conviction ..." *Stiltner v. Rhay*, 322 F.2d 314, 315 (9th Cir. 1963); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Consequently, a sentenced inmate may reasonably expect to be required to work without compensation as a result of his conviction. *See Northrop v. Federal Bureau of Prisons*, No. 1:08-cv-0746, 2008 WL 5047792, *9 (M.D. Pa. Nov. 24, 2008).

Here, Plaintiff has failed to allege any facts to show that she has a property interest in prison wages protected by the Fourteenth Amendment. Therefore, the Complaint is dismissed with prejudice in its entirety for failure to state a cognizable claim for relief. Because the Complaint fails to state a claim for relief, this Court need not reach Defendant's other arguments concerning his relief from liability on grounds of official capacity and *respondeat superior*.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Lanigan's motion to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6), and the Complaint is dismissed with prejudice, in its entirety, for failure to state a claim. An accompanying Order is filed herewith.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
United States District Court